**Reginald Anthony McGEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–89–284 CR.**

Court of Appeals of Texas,
Beaumont.

April 11, 1990.

G. Mark Creighton, Darden, Fowler & Creighton, Conroe, for appellant.

Peter Speers, III, Dist. Atty., Thomas D. Glenn, Asst. Dist. Atty., Conroe, for the State.

## OPINION

BURGESS, Justice.

Appellant pleaded guilty to delivery of a controlled substance, cocaine, in an amount of less than 28 grams. On October 26, 1988, the trial court found appellant guilty of that offense and assessed punishment at five years' confinement in the Texas Department of Corrections. The judgment bore the notation "Shock Probation to be considered after Ninety (90) days." Appellant was discharged on parole on January 12, 1989, and placed under the supervision of the Texas Board of Pardons and Paroles. On March 15, 1989, the trial court entered an order placing appellant on "shock" probation pursuant to TEX.CODE CRIM. PROC.ANN. art. 42.12 (Vernon Supp.1989) The trial court revoked the probation on November 8, 1989. Appellant brings two points of error.

Point of error one avers the trial court lacked jurisdiction and authority to place appellant on shock probation and revoke his probation after he had been released on parole. Article 42.12 provides the trial court's jurisdiction continues for 180 days from the time the execution of the sentence actually *begins*. After 60 days but before 180 days the trial court may, on

its own motion or on written motion of the defendant, suspend further execution of the sentence and place the defendant on probation if in his opinion the defendant would not benefit from further incarceration in a penitentiary. The statute does not remove the jurisdiction thus conferred in the event of parole prior to the expiration 180 days. Nor does the statute expressly require the defendant be presently incarcerated. TEX.CODE CRIM.PROC.ANN. art. 42.18 (Vernon Supp.1989) gives the Board of Pardons and Paroles authority to release and supervise prisoners. Article 42.12 gives the trial court authority to suspend further execution of the sentence and place the defendant on probation. A plain reading of these statutes does not make the two powers mutually exclusive. We see no bar in the statute to placing a paroled prisoner on "shock" probation.[1] Point of error one is overruled.

Point of error two urges it is impossible for the court to determine that further incarceration would not benefit the defendant because appellant was not presently incarcerated. We see no statutory requirement for continuous imprisonment. Obviously, there are additional facts relevant to the inquiry. Under the facts of this case, the determination could indeed be made. Point of error two is overruled. The judgment is affirmed.

AFFIRMED.

1. The parties do not present the issue of the validity or viability of appellant's parole.